IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVE ESCOBEDO, | § § § | |
| | § | SA-24-CV-1319-XR |
| -vs- | § § | |
| MARIO ORELLANA, ET. AL. *Defendants* | § § § § | |

**ORDER**

On this date, the Court considered Defendants' Motions to Dismiss (ECF Nos. 10, 11), Plaintiff's Motion for Leave to Amend (ECF No. 12), and Plaintiff's Motion to Expedite Proceedings (ECF No. 16). After careful consideration, the Court issues the following order.

**BACKGROUND**

Plaintiff Eve Escobedo alleges in this lawsuit that in August 2022, Defendants published articles that falsely stated she was charged with murder. ECF No. 1 at 4. She argues that she was actually charged with an unspecified lesser offense, that was later dismissed. *Id.* She claims that the false statement was published by Mario Orellana on behalf of the Graham Media Group d/b/a KSAT 12. *Id.* at 3. She claims also that Neice Bell published the statement on behalf of Southern Newspapers, Inc. d/b/a New Braunfels Herald Zeitung. *Id.*

Recognizing that the statute of limitations bars her defamation claims, she states in her original Complaint that tolling should be applied because she was not made aware of the publications until later, but fails to state when she became aware of the statements. *Id.* at 4.

Her original Complaint attempts to bring numerous causes of action against Defendants. As best the Court can decipher, she alleges causes of action for defamation, intentional infliction

1

of emotional distress, race and gender discrimination claims under the Fourteenth Amendment, violation of due process under the Fourteenth Amendment, claims under 28 U.S.C. § 4101, which addresses recognition or enforcement of a foreign judgment for defamation, and a claim under 5 U.S.C. § 552a, which addresses government agencies making available certain public information.

Defendants have filed two motions to dismiss arguing that Plaintiff has brought these same allegations in both a Texas state court and this court; the claims have been dismissed by other courts, and that this lawsuit should likewise be dismissed based on either res judicata, or limitations, or failure to state a cause of action upon which relief can be granted. ECF Nos. 10, 11. They also seek sanctions against Plaintiff for her repeated filings, including injunctive relief.

## PLAINTIFF'S PRIOR FILINGS

On February 28, 2024, Plaintiff sued in Texas state court. In her original Petition, Plaintiff brought a claim for defamation against Graham Media Group, Victoria Lopez, and Southern Newspapers, Inc. *See Escobedo v. Graham Media Group, et al.*, No. 2024CI104436 (224th Dist. Ct., Bexar County, Tex. Feb. 28, 2024). She subsequently amended her Petition on April 29, 2024 and added a cause of action for intentional infliction of emotional distress. She filed a third petition on June 24, 2024 adding Will Wright as a defendant. On July 10, 2024, a state district judge entered an Order dismissing Plaintiff's claims against the Graham Media Group and Southern Newspapers, Inc. See id. (Order Granting Graham Media Group San Antonio, Inc., d/b/a/ KSAT 12's Amended Motion to Dismiss).

Days after that dismissal Plaintiff filed another case against the same parties[1] on August 5, 2024, which was assigned to Judge Jason Pulliam. *See Escobedo v. Orellana et al.*, No. 5:24-CV-

---

[1] This time, Plaintiff added Mario Orellana and Niece Bell as Defendants and removed Victoria Lopez.

856-JKP. Judge Pulliam determined that the Court lacked jurisdiction because Plaintiff's 28 U.S.C. § 4101 claim does not confer a private right of action and her remaining claims did not give rise to a federal question. *See Escobedo v. Orellana*, No. 24-CV-856-JKP, 2024 WL 4683548, at *2 (W.D. Tex. Oct. 25, 2024).

Undeterred, she filed this lawsuit on November 15, 2024.[2] Defendants again moved to dismiss. ECF Nos. 10, 11.

## ANALYSIS

Plaintiff's claim alleging a violation of 5 U.S.C. § 552a is **DISMISSED** under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted. That statute addresses government agencies making available certain public information, which does not apply in this case.[3]

Plaintiff's claim alleging a violation of 28 U.S.C. § 4101 is **DISMISSED** under Fed. R. Civ. P. 12(b)(6) as it fails to state a claim upon which relief can be granted. That statute addresses recognition or enforcement of a foreign judgment for defamation, which does not apply in this case.[4]

---

[2] In addition to any cases filed in the Texas district courts, Plaintiff has filed the following additional cases in this Court: *Escobedo v. Orellana et al.*, No. 5:24-CV-774-XR (dismissed with prejudice on July 29, 2024) and against different defendants, *Escobedo v. Reynolds et al.*, No. 5:24-CV-773-XR and *Escobedo v. Gonzalez*, No. 5:24-CV-1363-OLG-RBF.

[3] Section 552a lacks a private right of action against individuals or entities like Defendants. *See Carr v. Johnson*, 51 F. App'x 928, *1 (5th Cir. 2002) ("the private right of action created by 5 U.S.C. § 552a(g) is limited to actions against agencies of the federal government; it does not apply to . . . individuals"). Plaintiff seems to concede this point in her filing seeking to amend her complaint. ECF No. 12 at 1.

[4] As explained above, Section 4101 also lacks a private right of action. *See Escobedo*, 2024 WL 4583548, at *2. Plaintiff seems to concede this point in her filing seeking to amend her complaint. ECF No. 12 at 1.

Plaintiff's claims alleging race and gender discrimination under the Fourteenth Amendment and violation of due process under the Fourteenth Amendment are **DISMISSED**. The defendants are not governmental entities or government employees, and constitutional claims cannot be asserted against private individuals. "The Fourteenth Amendment prohibits the State from depriving any person of life, liberty, or property without due process of law. Its purpose was to protect the people from the State; it does not protect citizens from one another." *Bullock v. Resol. Tr. Corp.*, 918 F. Supp. 1001, 1013 (S.D. Miss. 1995); *Ramie v. City of Hedwig Vill.*, 765 F.2d 490, 492 (5th Cir. 1985) ("The Constitution protects individuals against invasion of their privacy *by the government*") (emphasis added).

Although Plaintiff's federal claims all fail, the Court exercises supplemental jurisdiction over Plaintiff's related state law claims. *See* 28 U.S.C. § 1367.

Plaintiff's claim alleging defamation (or what she calls cyber libel defamation) is **DISMISSED** on the basis of res judicata, as this claim was previously dismissed by the Texas state court. Accordingly, Plaintiff cannot raise this claim again against the Graham Media Group and Southern Newspapers, Inc.

Alternatively, the claim is barred by limitations. Contrary to Plaintiff's argument, any continuing publication of the news story does not rescue her untimely filing of her defamation claim. Under Texas law, the statute of limitations for defamation claims is one year from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 160.002(a). Generally, a defamation claim accrues when the defamatory statement is published or circulated. The "single publication rule" applies to defamation claims involving mass media, meaning the statute of limitations begins to run on the date the defamatory material is first published to a third person or the public at large. This rule prevents the limitations period from being extended based on subsequent distributions or

sales of the defamatory material. *See Nationwide Bi-Wkly. Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 146 (5th Cir. 2007). While Plaintiff also points to the "discovery rule" to escape the statute of limitations, this rule "does not apply when an allegedly defamatory statement is disseminated via the mass media." *Mayfield v. Fullhart*, 444 S.W.3d 222, 230 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Plaintiff's claim alleging intentional infliction of emotional distress is **DISMISSED** as barred by res judicata, as this claim was previously dismissed by the Texas state court. Accordingly, Plaintiff would be unable to raise this claim again against the Graham Media Group and Southern Newspapers, Inc. Alternatively, the claim would be barred by limitations. *Zurita v. Lombana*, 322 S.W.3d 463, 473 (Tex. App.—Hou. [14th Dist.] 2010, pet. denied) (two-year limitations). Alternatively, Plaintiff's claim is dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because the allegations in the complaint are merely conclusory.

## SANCTIONS

Defendants seek sanctions against Plaintiff for her filing of at least four lawsuits regarding her August 2022 arrest.[5] ECF No. 10 at 12–13. Judge Pulliam warned Plaintiff on October 25, 2024, that if she persisted in filing lawsuits that abused the litigation process, sanctions against her could be assessed. *See Escobedo,* 2024 WL 4583548, at *2. Plaintiff failed to heed Judge Pulliam's order. Plaintiff also sued a real estate agent for many of the same deficient causes of action on November 26, 2024. *See Escobedo v. Gonzalez*, No. 5:24-CV-1363-OLG-RBF.

---

[5] Defendants Mario Orellana and Graham Media Group seek sanctions under Rule 11. ECF No. 10 at 12–13. Defendants Southern Newspapers, Inc. and Neice Bell do not specify the basis for sanctions, ECF No. 11 at 3, and the Court treats it as a request for sanctions under the Court's inherent power.

The Court cannot consider Defendants Mario Orellana and Graham Media Group's request for Rule 11 sanctions because they failed to comply with Rule 11's "safe harbor" and its "separate motion" requirement. FED. R. CIV. P. 11(c)(2), (3). Although Plaintiff's conduct constitutes "willful abuse of the judicial process," *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1996) (internal quotation marks and citation omitted), the Court also concludes that a sanction against Plaintiff under its inherent power will fail to deter any future misconduct. She has not paid the fees assessed against her in other cases.

A district court, however, has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation. "A pre-filing injunction 'must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants.'" *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (citation omitted). Plaintiff previously was warned by Judge Pulliam about filing non-meritorious claims against these defendants. Defendants also put Plaintiff on notice that they sought this injunctive relief here, ECF No. 10 at 3, but Plaintiff failed to respond and instead (again) argued the merits, ECF No. 14. The interests of justice require that the following injunction be imposed against Plaintiff and anyone acting on her behalf.

Plaintiff is **ENJOINED** from filing any new lawsuits against the Defendants named in this case regarding any claims associated with her August 2022 arrest.[6]

---

[6] While "[n]otice and a hearing are required if the district court *sua sponte* imposes a pre-filing injunction," this "pre-filing injunction is not contemplated *sua sponte* but instead is considered upon the request of [Defendants] as set forth and discussed" in their brief. *Budri v. Admin. Rev. Bd., United States Dep't of Lab.*, 858 F. App'x 117, 128 (5th Cir. 2021) (per curiam).

**CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss (ECF Nos. 10 and 11) are **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 12) is **DENIED** and Plaintiff's motion to expedite her case (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is **ENJOINED** from filing any new lawsuits against the Defendants named in this case regarding any claims associated with her August 2022 arrest.

A final judgment pursuant to Rule 58 will issue separately.

It is so **ORDERED**.

**SIGNED** this 6th day of February, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE